IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ALLAN GRANGER | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-6941 |
| DARRELL C. DETHLEFS ET AL. | : | |

**SURRICK, J.**                                                    JUNE  _2_ , 2014

## MEMORANDUM

Presently before the Court are the Motions to Dismiss of Defendants Darrell C. Dethlefs d/b/a Law Office of Darrell C. Dethlefs, Dethlefs-Pykosh Law Group, LLC, Darrell C. Dethlefs, and Bryan W. Shook (ECF No. 5), and David Kopp (ECF No. 6).  For the following reasons, Defendants' Motions will be granted.

## I.    BACKGROUND

Plaintiff, John Allan Granger ("Granger"), is a designer and licensor of various computer programs intended for use by individuals in the real estate industry.  (Compl. ¶ 24, ECF No. 1.) Defendants are Darrell C. Dethlefs d/b/a Law Office of Darrell C. Dethlefs and Darrell C. Dethlefs in an individual capacity ("Dethlefs"), Dethlefs-Pykosh Law Group, LLC, David Kopp ("Kopp"), and Bryan W. Shook ("Shook").  (*Id.* at ¶¶ 2-9.)

In 1997, Granger created a computer program, the Pennsylvania Title Insurance Rate Calculator ("Rate Calculator"), designed to calculate and/or estimate the cost of real estate title insurance in the State of Pennsylvania.  (*Id.* at ¶ 25.)  In 2002, Granger altered the Rate Calculator to reflect the title insurance rate changes in Pennsylvania.  (*Id.* at ¶ 26.)  On or about January 1, 2002, Granger placed the Rate Calculator on an Internet web page, as a product sample for potentially interested customers.  (*Id.* at ¶ 28.)

On October 2, 2006, Granger's registration of a copyright for the Rate Calculator with the United States Copyright Office took effect.  (*Id.* at ¶ 29 & Ex. C.)  Granger claims that his copyright ownership is mentioned, with a reference to him personally, on all programs and products which contain the Rate Calculator.  (*Id.* at ¶¶ 33, 35.)  Granger also states that the Rate Calculator incorporated certain embedded notices in its source code to prevent infringement and featured a cloaking device which served the same purpose.  (*Id.* at ¶¶ 34, 36, 37.)

On or about April 14, 2005, Defendants placed an allegedly infringing version of the Rate Calculator ("Kopp Calculator") on a web page registered to Kopp.  (*Id.* at ¶ 41 & Ex. D.)  On or about February 10, 2006, Defendants placed an allegedly infringing version of the Rate Calculator ("Dethlefs Calculator") on a website registered to Dethlefs.  (*Id.* at ¶ 42.)  The Dethlefs Calculator identified Shook as the author or source of the work.  (*Id.* at ¶ 44.)

On or about November 30, 2007, Granger discovered the Kopp and Dethlefs Calculators, and soon thereafter filed two Digital Millennium Copyright Act ("DMCA") takedown requests for the Rate Calculators' removal.  (*Id.* at ¶ 47.)  The Rate Calculators were removed from the two web pages.  (*Id.* at ¶ 49.)

On November 29, 2010, Granger filed a Complaint against Defendants alleging copyright infringement, in violation of 17 U.S.C. §§ 101 *et seq.* (Count I), unfair competition under the Lanham Act, in violation of 15 U.S.C. § 1125 (Count II), unfair competition under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 17 Pa. Cons. Stat. §§ 201 *et seq.* (Count III), circumvention of copyright protection systems, in violation of 17 U.S.C. § 1201 (Count IV), and violations of the integrity of copyright information, in violation of 17 U.S.C. § 1202 (Count V).  On February 11, 2011, and February 22, 2011, Defendants filed

the instant Motions to Dismiss.  (Shook Mot., ECF No. 5; Kopp Mot., ECF No. 6.)[1]  On

February 25, 2011, Granger filed a Response in opposition.  (ECF No. 7.)  On December 7,

2013, Defendants filed a motion for leave to file a supplemental motion, arguing that Granger's

Complaint is barred by the doctrine of issue preclusion.  (Defs.' Sup. Mot., ECF No. 12.)  On

December 26, 2013, Granger filed a motion for enlargement of time to respond to Defendants'

supplemental motion.  (ECF No. 15.)  On April 22, 2014, we granted Defendants' motion for

leave to supplement as well as Granger's motion for enlargement of time.  (ECF No. 16.)  On

May 9, 2014, Granger filed a response in opposition to Defendants' supplemental motion.  (Pl.'s

Opp'n., ECF No. 17.)  On May 29, 2014, Defendants filed a reply.  (Defs.' Reply, ECF No. 18.)

## II.    LEGAL STANDARD[2]

Under Federal Rule of Civil Procedure 8(a)(2), "a pleading that states a claim for relief

must contain a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) provides for the dismissal of a complaint, in

whole or in part, for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P.

12(b)(6).  A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a).  "To survive a motion to dismiss, a complaint must contain

---

[1] The Kopp Motion simply incorporates sections I, II, and V of Shook's Motion to
Dismiss.

[2] In addressing a motion to dismiss, the district court may consider only the facts alleged
in the complaint, documents that are attached, and matters that are incorporated by reference.
*Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012).  The court may
also take into consideration "matters of public record" and "an undisputedly authentic document
that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on
the document."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d
Cir. 1993); *see also Fed. Elec. Comm'n v. Arlen Specter '96*, 150 F. Supp. 2d 797, 803 n.5 (E.D.
Pa. 2001) (noting that a court may consider "court files, records and letters of official actions or
decisions of government agencies and administrative bodies when considering a Rule 12(b)(6)
motion") (internal quotation marks omitted).

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that
show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d
Cir. 2009).  Courts need not accept "[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  "While legal
conclusions can provide the framework of a complaint, they must be supported by factual
allegations."  *Id.* at 679.  This "'does not impose a probability requirement at the pleading stage,'
but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will
reveal evidence of' the necessary element."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d
Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part
analysis.  *Fowler*, 578 F.3d at 210.  First, courts separate the factual and legal elements of the
claim and accept all of the complaint's well-pleaded facts as true.  *Id.* at 210–11.  Next, courts
determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a
"'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Given the nature of
the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will
. . . be a context-specific task that requires the reviewing court to draw on its judicial experience
and common sense.'"  *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting
*Iqbal*, 556 U.S. at 679).

## III.  DISCUSSION

Defendants argue that Granger's Complaint is barred by the doctrine of issue preclusion
because Granger had a full and fair opportunity to litigate the same issue in a substantially

4

similar case, lost at the district court level, and failed to file an appeal.  (Defs.' Sup. Mot. ¶ 68.)  Granger counters that we should deny Defendants' Motion because it is "premised upon allegations which are contrary to the evidence in the instant case and have no basis in fact and are contrary to the factual allegations contained in [his] Complaint."  (Pl.'s Opp'n. 8.)

"[A]lthough issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedural Rule 12(b)(6)."  *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010).  When reviewing the preclusive effect of a previous federal court action, we apply the federal common law principles of issue preclusion.  *Peloro v. United States*, 488 F.3d 163, 175 n.11 (3d Cir. 2007).  Under federal common law, issue preclusion is applicable when:  "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment."  *Id.* at 174-75 (internal quotation marks omitted).  "Under the modern doctrine of non-mutual issue preclusion, [] a litigant may [] be estopped from advancing a position the he or she presented and lost in a prior proceedings against a different adversary."  *Id*. at 175.  A litigant may raise issue preclusion as an affirmative defense when the party being precluded had a "full and fair" opportunity to litigate the issue in the prior action. *Id.*  (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 328 (1979) and *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 331 (1971)).

## A.    Copyright Infringement and Lanham Act Claims

The Copyright Act invests copyright owners with a series of exclusive rights in their works, including the rights to reproduce the work, prepare derivative works, distribute the work, and display the work publicly.  17 U.S.C. § 106(1)-(6).  The Act extends protection to "literary works," which include computer programs.  *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*,

5

797 F.2d 1222, 1234 (3d Cir. 1986) (citing 17 U.S.C. §102(a)(1)).  To prevail on a claim of

copyright infringement, a plaintiff must prove:  "(1) ownership of a valid copyright, and (2)

copying of constituent elements of the work that are original."  *Feist Publ'ns., Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 361 (1991).  Regarding the second element, "an author can protect only

the expression of an idea . . . not the idea itself."  *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d

199, 208 (3d Cir. 2005).  Thus, to determine whether "a computer program is copyrightable and

has been infringed," courts must "delineate between the copyrightable expression and the

unprotected elements of the program, then evaluate whether there is substantial similarity

between such expression in the infringing program."  *Granger v. Acme Abstract Co.*, 900 F.

Supp. 2d 419, 425-26 (D.N.J. 2012).

     The Lanham Act "creates a federal cause of action for unfair competition."  *AT&T v.*

*Winback & Conserve Program*, 42 F.3d 1421, 1428 (3d Cir. 1994) (internal quotation marks

omitted).  To establish a claim under the Lanham Act, a plaintiff must demonstrate:

> 1) [T]hat the defendant has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*U.S. Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 922-23 (3d Cir. 1990)

(internal quotation marks omitted).

     Defendants argue that Plaintiff cannot prevail on his copyright infringement and Lanham

Act claims because he was unable to support those claim in the case of *Granger v. Acme*

*Abstract Co.*, 900 F. Supp. 2d 419 (D.N.J. 2012).  In that case, Granger claimed that the

defendants placed his Rate Calculator on their website without his permission.  *Id.* at 420-21.  In

response to the defendants' motion for summary judgment, Granger argued that he could

establish that he independently created the JavaScript source code for the Rate Calculator. *See*

*id*. at 423, 425.[3]  The court rejected this argument because Granger did not provide the court with

his original source code.  *Id*. at 425-26.  More specifically, the court explained that:

> In order to determine whether defendants copied plaintiff's calculators, and that
> the copying was of the protectible aspects of the calculators, a jury must compare
> the JavaScript source code that plaintiff claims he originally created in his
> calculators with the source code of the calculators found on defendants' website.

 *Id*. at 425.  Because Granger did not supply the original source code, it would be impossible for

a jury to make this comparison.  *Id*. at 426.  Therefore, the court granted the defendants' motion

for summary judgment on the copyright infringement claim.  *Id*.  In addition, the court concluded

that because Granger could not support his claim for copyright infringement, he would be unable

to prove that the defendants "inappropriately used and profited from the copyrightable aspects of

his [Rate Calculator]."  *Id*.  Therefore, the defendants were also entitled to summary judgment on

the Lanham Act claim.  *Id.*

Following the *Acme* court's decision, Granger filed a motion for reconsideration.

*Granger v. Acme Abstract Co*., No. 09-2119 (D.N.J., filed May 7, 2013), at ECF No. 68.  In that

motion, Granger argued "that he [had] provided the description of his original source code to

defendants in discovery, and that their silence on how his code differ[ed] from the rate

calculators posted on their website demonstrate[d] that it [was] identical[.]"  *Id*. at 2.  The court

rejected this argument and explained that "in copyright law, the ultimate burden of proving

independent development by a preponderance of the evidence remains on the plaintiff[.]"  *Id*.

Granger did not appeal the *Acme* court's decision to the Third Circuit.

---

[3] "'Source code' is the original version of a computer program that is written in human-readable words and symbols.  Source code must be compiled into machine-readable 'object code' before a computer can read and execute the software.  *Airframe Sys., Inc. v. L-3 Commc'n Corp*., 658 F.3d 100, 102-03 (1st Cir. 2011)

The issue presently before the court is whether Defendants copied protectable aspects of Granger's Rate Calculator.  This is the same issue that was before the court in *Acme*.  *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000) ("Identity of the issue is established by showing that the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules.") (citation and quotation marks omitted).  The issue was actually litigated in *Acme*, and the court concluded that Granger "failed to provide any evidence to prove that he created original aspects to the [Rate Calculator]."  *Granger*, 900 F. Supp. 2d at 425.  Given these facts, we find that the first two requirements for issue preclusion are satisfied.

We also find that the decision in *Acme* was a final and valid judgment.  *See Dyndul v. Dyndul*, 620 F.2d 409, 412 (3d Cir. 1980) (noting that factors that courts consider when determining whether the prior determination was sufficiently firm include:  whether the parties were fully heard, whether a reasoned opinion was filed, and whether that decision could have been, or actually was appealed).  After considering the arguments of the parties on summary judgment, the court issued a thorough well-reasoned opinion.  The court's analysis was in accord with opinions issued by the First and Fifth Circuits.  *Airframe*, 658 F.3d at 104, 106-08 (affirming summary judgment for the defendants because the plaintiff "had not produced the relevant source code") (internal quotation marks omitted); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 146 (5th Cir. 2004) ("Without providing its own source code for comparison, [the plaintiff] did not satisfy the requirement that the infringed and infringing work be compared side-by-side."); *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (finding that the plaintiff could not prevail on his claim because he had not provided evidence to prove the content of his copyrightable source code).  No appeal was filed challenging the court's decision.

8

Moreover, because the claims asserted in *Acme* were for copyright infringement and unfair competition under the Lanham act, the fact that Granger failed to establish that the Rate Calculator contained original material was essential to the court's holding. We therefore find that the remaining requirements for issue preclusion are satisfied.

Granger makes two arguments in support of his assertion that *Acme* should not be given preclusive effect. First, Granger argues that despite any assertions to the contrary, the defendants in *Acme* were provided with copies of his source code during discovery. (Pl.'s Opp'n. 4.) As noted above, this argument was considered and rejected by the court in *Acme*. *Acme*, No. 09-2119, at ECF No. 68; *see also Lee*, 379 F.3d at 146 (noting that even if there was source code "buried deep in the record somewhere" the court was not required to "wade[] through the record to find [it]"). Second, Granger contends that he should not be precluded from asserting his claims because, in the instant case, he has attached a copy of the source code that he deposited with the Copyright Office. (Pl.'s Opp'n. 5.)[4] This exact argument was considered and rejected by the United States Federal Claims Court in *Aviation Software, Inc. v. United States*, 101 Fed. Cl. 656 (2011).

---

[4] The owner of a published work is required to deposit "two complete copies . . . of the best edition" in order to "obtain registration of the copyright claim." 17 U.S.C. § 408. Here, Defendants question the authenticity of the source code that Granger claims to have deposited with the Copyright Office. (Defs.' Reply.) The source code submitted by Granger is stamped by the Library of Congress Copyright Office. (Source Code 1, Pl.'s Opp'n. Ex. E.). Defendants contend that although the stamp is dated July 13, 2000, the text of the source code indicates that it was amended on January 1, 2002 and updated on May 1, 2006. (Defs.' Reply 1; Source Code 1.) Defendants argue that these references "post-date by years the purported stamp" (Defs.' Reply 2) and serve as evidence that Granger placed the stamp "on the allegedly copyrighted material in a foolhardy effort to mislead the Court" (*id*. at 2 n.1).

We are unable to ascertain the date on the stamp because there is a line drawn through it. While Defendants' interpretation is conceivable, it is also possible to read the date on the stamp as July 13, 2006. This later date would be more consistent with Granger's contention that he registered the Rate Calculator with the United States Copyright Office on October 2, 2006. (Pl.'s Compl. 5 & Ex. C.) Given our ultimate conclusion in this case, we need not resolve this apparent ambiguity.

In *Aviation Software*, the plaintiff filed a lawsuit against the United States claiming copyright infringement.  *Id*. at 659.  The facts giving rise to that litigation had resulted in a number of prior lawsuits filed against a different defendant in different United States district courts.  *Id*. at 659-60.  In one of those cases, a district court in Massachusetts granted the defendant's motion for summary judgment because the plaintiffs failed to produce an original copyrighted source code.  *Id*. at 660.  The plaintiffs subsequently brought suit against the United States in Federal Claims Court, and the United States filed a motion for summary judgment, arguing that the lawsuit was barred by the doctrines of issue and claim preclusion.  *Id*. at 662.  The plaintiffs countered that they should not be precluded from asserting their claim because they had "found the critical evidence that [they] failed to present in the earlier suits - the source code." *Id*. at 664.  In rejecting the plaintiffs' argument, and granting summary judgment for the United States, the court explained that the plaintiffs' failure to "find [the source code] earlier hardly [made] it 'newly discovered.'" *Id*.  In addition, the court noted that "the fact that new evidence might change the outcome of the case does not affect the application of the claim preclusion doctrine." *Id*. (citation and quotation marks omitted).

In *Acme*, Granger failed to produce the evidence necessary to prove that the defendants unlawfully copied his Rate Calculator.  The issue, which was essential to his claim, was actually litigated and determined by a final and valid judgment.  As in *Aviation Software*, the fact that Granger has now made his source code available is insufficient to overcome the doctrine of issue preclusion.

**B.     UTPCPL**

Plaintiff also alleges unfair competition under Pennsylvania's UTPCPL.  The UTPCPL is a remedial statute designed to protect consumers from deceptive acts or practices, and "is to be

construed liberally." *Creamer v. Monumental Props., Inc.*, 329 A.2d 812, 817 (Pa. 1974).  The

UTPCPL provides that a private right of action may be maintained by:

> Any person who purchases or leases goods or services primarily for personal,
> family or household purposes and thereby suffers any ascertainable loss of money
> or property, real or personal, as a result of the use or employment by any person
> of a method, act or practice declared unlawful by section 3 of this act . . . .

73 Pa. Stat. Ann. § 201-9.2(a) (footnote omitted).  Thus, a claimant under this statute "must be a

person who makes a purchase for personal, family or household purposes, who suffers an

ascertainable loss as a result of an unlawful, unfair or deceptive practice . . . ." *Valley Forge*

*Towers S. Condo. v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 645 (Pa. Super. Ct. 1990);

*Duffy v. Lawyers Title Ins*. Co., 972 F. Supp. 2d 683, 689 (E.D. Pa. 2013) ("[T]he statute

unambiguously permits only persons who have purchased or leased goods or services to sue.").

Granger cannot sustain a claim under the UTPCPL because he has not proffered facts

sufficient to demonstrate that he is an appropriate claimant under Pennsylvania law.  He does not

fit within the subset of eligible complainants under the statue.  Although he cites "wrongful

deception of the purchasing public" as a basis for his claim (Compl. ¶ 83), this is insufficient for

him to meet the requirements established by the UTPCPL.  *Reinhart v. Fleetway Chrysler*, No.

02-7817, 2002 WL 32102576, at *2 (E.D. Pa. Dec. 27, 2002) (dismissing the plaintiff's claim

under the UTPCPL because he did not allege "that he purchased or leased any goods or services

from the defendants, nor that, if any such purchase or lease was made, it was made for personal,

family or household use").  Accordingly, Granger's claim in Count III will be dismissed.

### C.   Circumvention of Copyright Protection and Integrity of Copyright Information Claims

Granger claims that Defendants are liable for circumventing copyright protections within

the Rate Calculator, in violation of 17 U.S.C. § 1201.  (Compl. ¶ 86.)  Granger also claims that

Defendants are liable for compromising the integrity of their copyright management information, in violation of 17 U.S.C. § 1202.  (Compl. ¶ 95.)  Defendants argue that Granger cannot establish these claims because he was unable to show supportive documentary proof of copyright ownership in *Acme*.

The DMCA creates a cause of action for the "circumvention of a technological measure that effectively controls access to a work."  *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 300 (3d Cir. 2011) (quoting 17 U.S.C. § 1201(a)(1)(A)).  "[T]o 'circumvent a technological measure' means to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner[.]"  17 U.S.C. § 1201(a)(3)(A).  The DMCA also prohibits an unauthorized person from "intentionally removing[ing] or alter[ing] any copyright management information."  17 U.S.C. § 1202(b)(1).  The Third Circuit has stated that there is a cause of action under § 1202 when digital copies of a work are "falsified or removed, regardless of the form in which that information is conveyed."  *Murphy*,  650 F.3d at 305.

Both of Granger's claims fail.  They each require changing or removing a copyrighted work without the permission of the copyright owner.  "[A] person circumvents a technological measure only when he affirmatively performs an action that disables or voids the measure that was installed to prevent them from accessing the copyrighted material."  *Healthcare Advocates, Inc. v. Harding*, 497 F. Supp. 2d 627, 644 (E.D. Pa. 2009).  Thus, a plaintiff must show that the material he claims is circumvented is copyrighted.  Here, Granger has not provided sufficient information to show ownership of the Rate Calculator that he alleges Defendants placed on their websites.  Therefore, Granger cannot prove that Defendants violated the DMCA because if there is not enough evidence to show copyright ownership, it cannot be proved that any copyrighted

material was altered or removed.  This same issue of proving copyright ownership was actually litigated in *Acme*.  It was determined by a final judgment, and the determination of the issue was essential to the decision.  Since issue preclusion applies here, Granger's circumvention of copyright protection and integrity of copyright information claims are barred.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss will be granted.

An appropriate Order follows.

**BY THE COURT:**

_____

**R. BARCLAY SURRICK, J.**